**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MAURICE RICHARDSON,

Plaintiff,

-v- 1:25-CV-774 (AJB/ML)

COHOES POLICE DEPARTMENT *et al.*,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

MAURICE RICHARDSON
Plaintiff, Pro Se
04429-015
Allenwood Low FCI
Inmate Mail/Parcels
P.O. Box 1000
White Deer, PA 17887

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On June 16, 2025, *pro se* plaintiff Maurice Richardson ("plaintiff"), an individual in the custody of the U.S. Bureau of Prisons ("BOP"), filed this 42 U.S.C. § 1983 action alleging that various defendants violated his constitutional rights in connection with their execution of a search warrant at his residence. Dkt. Nos. 1, 7. Along with his complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. Nos. 3, 4, 15.

On December 30, 2025, U.S. Magistrate Judge Miroslav Lovric granted plaintiff's IFP Application and, after conducting an initial review of plaintiff's pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with partial leave to amend as to his claims against two Cohoes Police Department employees (John Doe 9 and Jane Doe 10) and,

if warranted, his claims against the City of Cohoes. Dkt. No. 16 at 19–20 & n. 9. As Judge Lovric explained, plaintiff's pleading suggested that he might be able to plead a more detailed set of non-conclusory factual allegations sufficient to establish one or more 42 U.S.C. § 1983 claims against one or more of these defendants.

On January 22, 2026, this Court adopted the R&R without objection. Dkt. No. 18. Plaintiff's complaint was conditionally dismissed with partial leave to amend in accordance with the instructions set forth by Judge Lovric in the R&R. *Id*. Thereafter, plaintiff submitted an amended complaint. Dkt. No. 19. But it was unsigned. *Id*. So Judge Lovric struck that filing from the docket and *sua sponte* extended plaintiff's deadline for compliance. Dkt. No. 20. Judge Lovric ended up extending the deadline for compliance two more times: first, at plaintiff's request, Dkt. Nos. 21, 22, and second, on his own initiative after plaintiff failed to meet the revised deadline, Dkt. No. 23. Plaintiff eventually submitted a signed version of his amended pleading on March 27, 2026. Dkt. No. 24.

On July 23, 2026, Judge Lovric conducted an initial review of the amended complaint and advised by R&R that plaintiff's amended complaint be dismissed without leave to further amend. Dkt. No. 25. There, Judge Lovric observed that plaintiff's amended pleading re-alleged that his constitutional rights were violated by, *inter alios*, defendants Cohoes Police Department, the City of Cohoes, and two Doe police officers when they detained him without probable cause or other legal justification. *Id*. at 2.

However, Judge Lovric concluded that plaintiff had once again failed to plausibly allege the "personal involvement" of either Doe police officer employed by the City of Cohoes. Dkt. No. 25 at 4. And because the individual defendants were being dismissed for lack of personal involvement, plaintiff's § 1983 claims against the police department and the municipality (which were

really the same entity) were subject to dismissal, too. *Id*. at 5. Finally, Judge Lovric concluded that further amendment would be unproductive because this was plaintiff's second attempt at curing these same deficiencies. *Id*. at 7–8.

Unlike last time, plaintiff has lodged objections to the R&R. Dkt. No. 26. There, plaintiff reiterates his general claim that he was attacked and arrested by multiple law enforcement officials and, although he acknowledges that Judge Lovric instructed him to offer more factual matter that might tend to permit the eventual identification of one or more of the officers, he objects that he should not have to do so. *Id*. at 2. Instead, in his view, he should have a further opportunity to amend, which this time he says he would do "with specificity." *Id*.

Upon *de novo* review, plaintiff's objections will be overruled because he has failed to comply with Judge Lovric's invitation to plead non-conclusory facts about the alleged incident. Plaintiff's civil rights claims are best understood as individual-capacity 42 U.S.C. § 1983 claims seeking money damages for completed harms, *i.e.*, the events connected to the alleged excessive force incident that occurred in connection with his seizure by federal and state officials.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault." *Loveall v. Walker*, 807 F. Supp. 3d 148, 158 (N.D.N.Y. 2025) (citation omitted). A § 1983 claim holds an individual personally liable for the role that his or her acts or omissions played in violating someone's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Accordingly, "to establish a Section 1983 violation, a plaintiff must plead (and later prove) that each defendant was personally involved in the alleged constitutional violation." *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) (cleaned up).

In construing plaintiff's initial complaint, Judge Lovric observed that:

> More specifically, the Complaint alleges that on November 16, 2023, at approximately 6:20 a.m., Defendants DEA, SRT, and the

> Cohoes Police Department executed a search warrant at Plaintiff's residence. (Dkt. No. 7 at 2.). Plaintiff alleges that while assisting his mother, officers aggressively seized him, punched him in the face, and continued to assault him. (*Id.*). Plaintiff alleges that he was subjected to multiple punches to his head and body, slammed into a wall, kicked in the stomach, and forcibly restrained with zip ties while officers hit and pushed him. (*Id.*).

Dkt. No. 16 at 2. First, Judge Lovric explained that the federal-agency defendants had to be dismissed because the principal civil rights statute, 42 U.S.C. § 1983, did not permit suits against federal agencies like DEA and SRT. *Id.* at 6. Second, Judge Lovric determined that plaintiff's claims against any federal-officer defendants had to be dismissed because the Supreme Court has sharply limited the reach of a doctrine called *Bivens*, which extends § 1983 liability to federal actors in a narrow set of circumstances—but not, as relevant here, to Fourth Amendment excessive force claims against these particular actors.[1] *Id.* at 8–12.

Third, and as particularly relevant here, Judge Lovric concluded that plaintiff's constitutional claims against John Doe 9 and Jane Doe 10, the two unidentified Cohoes police officers, were insufficiently alleged because the pleading "simply lists different groups of unidentified law enforcement officers" who allegedly attacked him. Dkt. No. 16 at 15.

Judge Lovric explained that this "group pleading" was problematic because it failed to satisfy the "personal involvement" requirement of § 1983. Dkt. No. 16 at 15. As Judge Lovric explained, a plaintiff need not necessarily know the name of the defendant who engaged in the alleged misconduct, but a plaintiff must still make an attempt to offer some non-conclusory facts

[1] Judge Lovric explained that plaintiff's claims against the federal-officer defendants might still be pursued under the Federal Tort Claim Act ("FTCA"). Judge Lovric did not construe plaintiff's complaint as asserting any FTCA claims, but it was not error to do so because there is no indication that plaintiff had satisfied the FTCA's requirements. The FTCA "allows a plaintiff to bring certain state-law tort suits against the Federal Government . . . for parties injured by federal employees acting within the scope of their employment." *Brownback v. King*, 592 U.S. 209, 210 –11 (2021). However, the FTCA's waiver of sovereign immunity is subject to a number of conditions, including that "a plaintiff must first file an administrative claim with the appropriate federal agency before suing for relief in federal court." *Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004). "This requirement is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

that differentiate between which defendants were involved in what conduct. *Id*. at 14–15. Judge Lovric gave plaintiff an opportunity to try to amend in light of this "personal involvement" requirement. *Id*. at 16, 19–20.

Plaintiff's amended complaint—despite the benefit of a series of extensions to the submission deadline—did not follow this guidance at all. Instead, plaintiff's amended complaint pleaded far *fewer* non-conclusory facts than before. In total, plaintiff's amended complaint avers:

> III. FACTUAL ALLEGATIONS
>
> On or about the dates relevant to this action, Plaintiff Maurice Richardson was subjected to police conduct carried out by officers of the Cohoes Police Department. Plaintiff was unlawfully detained and/or seized without probable cause or legal justification. Defendant officers failed to protect Plaintiff from known and foreseeable harm despite having the authority and opportunity to intervene. Defendant officers acted with deliberate indifference to Plaintiff's safety and well-being. Plaintiff suffered physical injury, emotional distress, humiliation, and violation of his constitutional rights as a direct and proximate result of Defendants' actions and omissions. At all relevant times, Defendant officers acted pursuant to policies, customs, practices, or usages of the City of Cohoes and the Cohoes Police Department.

Dkt. No. 24 at 2 (some paragraph breaks omitted). Judge Lovric reviewed these allegations and concluded that, even accounting for plaintiff's *pro se* status, this was not enough to state any plausible claims for relief. Dkt. No. 25 at 4. In addition, Judge Lovric concluded that further amendment was unlikely to be productive, especially in light of the fact that he had previously given plaintiff some basic instructions about how to go about pleading these claims—instructions that plaintiff had ignored. *Id*. at 7–8.

Viewed against this procedural backdrop, the Court is hard-pressed to find a reason to disagree with Judge Lovric's bottom-line conclusion: that further amendment would be unlikely to be productive here. The Court acknowledges that plaintiff feels strongly about what happened.

And the fact that plaintiff is incarcerated *and* unrepresented counsels in favor of caution at this early stage of the case. As the Second Circuit has cautioned, "the *in forma pauperis* law is not meant to be a series of traps and travails for pro se litigants, nor does it aim to dismiss potentially meritorious arguments because of the particularities of federal practice." *Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023) (cleaned up).

After all, civil litigation is challenging enough for the uninitiated, and doubly so for those litigants who need to overcome the unique hurdles of a prison environment. *See, e.g.*, *Houston v. Lack*, 487 U.S. 266 (1988). To that end, a litigant's *pro se* status confers a host of indirect benefits, principally in the form of extra procedural latitude and a substance-over-form approach to less-than-perfect pleading, briefing, and argumentation. *See, e.g.*, *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir. 2013).

However, *pro se* status does not necessarily "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)). This includes the requirements imposed by the federal plausibility pleading regime, which tests the legal sufficiency of a pleading by asking whether the plaintiff has alleged "sufficient factual matter" to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Judge Lovric explained all of this to plaintiff in the first R&R. There, Judge Lovric cautioned plaintiff that he needed to offer more factual matter to try to differentiate how the two Cohoes officers were involved and invited him to submit an amended pleading. At that time, Judge Lovric explained that plaintiff did not need to plead the names of these defendants (especially if he didn't have them), but emphasized that plaintiff still needed to make some kind of attempt to

offer facts to differentiate them from the other actors in the story by at least trying to explain how they were "personally involved" in the alleged misconduct: whether as assailants or bystanders.

The problem for plaintiff is that his amended pleading does not give any indication that he attempted to comply with Judge Lovric's guidance about how this general area of civil rights law works. Instead, plaintiff's amended complaint heads in the wrong direction by offering even *fewer* non-conclusory details: as amended, the pleading does not offer a single supporting fact about either of the two unidentified Cohoes police officers.

The Court acknowledges that the events were alleged to have unfolded rapidly and unexpectedly. But as Judge Lovric explained, plaintiff still had a minimal obligation to offer some non-conclusory factual information about the incident that would move the needle toward a plausible claim: what did one or more of the officers do (or not do) during the encounter? Failing that, even something as simple as what did the officers look like, did they say anything, was there anything else memorable about them? Were they present for the entire encounter or did they arrive later?

Plaintiff did not do any of that. Importantly, this "personal involvement" requirement is not some procedural trap being sprung on plaintiff. Judge Lovric explicitly warned plaintiff that it was important to offer facts about this requirement at the pleadings stage because it *is* important at the pleadings stage: "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted[.]" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (cleaned up).

To be sure, there is a tension in the law between, on the one hand, Rule 8's requirement that a pleading include a "short and plain statement of the claim," and, on the other, the Supreme Court's "plausibility standard." *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*,

51 F. Supp. 3d 319, 343 (S.D.N.Y. 2014) (collecting cases). And in the *pro se* context, courts generally try to draw the line between these things somewhere closer to the former requirement.

But there are limits to how much solicitude can be given to a *pro se* litigant, and one limit is the baseline requirement that a defendant has to be given something approaching "fair notice" of the claim or claims against him. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) ("Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."). Thus, even in the *pro se* context, courts routinely hold that "[p]leadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Ying Li v. City of N.Y.*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) (collecting cases).

To summarize, plaintiff was instructed by Judge Lovric that he needed to offer some facts to try to differentiate the defendants. Because he is *pro se*, plaintiff was invited to amend to try to cure that deficiency. *Kotler v. Torres*, 2026 WL 760511, at *5 (2d Cir. Mar. 18, 2026) (summary order) (opining that *pro se* plaintiff's "group pleading" deficiency "may be curable through amendment" and instructing district court to permit attempt at amendment on remand). Thereafter, plaintiff took advantage of this invitation. But plaintiff's amended complaint only offers "labels and conclusions" about the defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

That is not enough to get to discovery. The Federal Rules of Civil Procedure "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Although he reiterates in his objections that he was subjected to excessive force by "numerous law enforcement officers," Dkt. No. 26 at 2, there are no non-conclusory facts alleged in the amended complaint (or stated in the objections, for that matter) that might tend to nudge one or more of his Fourth Amendment claims against the two unidentified Cohoes police officers from

"theoretically possible" toward "plausible." Because neither plaintiff's amended complaint nor his objections give any indication that he has even attempted to follow these instructions, further opportunities for amendment would be unlikely to be productive.[2] Accordingly, plaintiff's amended complaint will be dismissed without leave to further amend.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 25) is ACCEPTED; and

2. Plaintiff's amended complaint (Dkt. No. 24) is DISMISSED without leave to further amend.

The Clerk of the Court is directed to terminate the pending motion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated: August 26, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge

[2] In his objections, plaintiff reiterates that in his original complaint he alleged that he "was subjected to excessive force including multiple punches to his head and body, slamming into a wall, and being kicked in the stomach." Dkt. No. 26 at 2. But that does not alter this conclusion. First, that allegation is not included in his amended complaint. *See* Dkt. No. 24. Judge Lovric warned plaintiff that he could not rely upon or incorporate by reference his prior pleading. Dkt. No. 16 at 20. Second, even this objection fails to offer any facts differentiating the alleged bad actors.